Name: Anthony D. Natty

Address: 14430 Leffingwell RD

Address: Whittier CA, 90604

Phone number: (626)348-7265

Nattydesmond@yahoo.com

Plaintiff in Pro Per



PAID

JUN 23 2021

Clerk, US District Court
COURT 4612

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Anthony D. Natty,

        Plaintiff,

    vs.

Administrator of Thrift Saving Plans
And or Legal Department (DOES),

        Defendant.

Case No.: CV21-5098-CAS(MAR)

**COMPLAINT IS FOR 14 AMENDMENT VIOLATION, WHEN TSP ADMINISTRATOR DISBURSED PLAINTIFF ENTIRE RETIREMENT FUNDS BEFORE DIVORCE CASE WAS FINALIZED.**

1. **UNLAWFUL SEIZURES (42 U.S.C. 1983)**
2. **DEPRIVATION OF SUBSTANTIVE DUE PROCESS RIGHTS (42 U.S.C. 1983)**
3. **NEGLIGENCE.**

**DEMAND FOR JURY TRIAL**

1

Insert Title of Pleading

**JUNE 23, 2021**

## 1. INTRODUCTION

The Thrift Saving Plan Administrator disbursed plaintiff entire retirement Funds in participant account # **6401-1324-25988** before proceeding was finalized in family court, in violation of their own written policy to plaintiff.

This was a violation of complaint 14 Amendment Constitutional Rights to Due Process and complete negligence on their part.

## 2. VENUE AND JURISDICTION

Jurisdiction is conferred upon this Court by 28 U.S.C. 1331 and 1334, and arises under 42 U.S.C 1983 and 1988. Venue is proper in this Court because the unlawful act and practices alleged occurred with Plaintiff address at 19025 Tranbarger St, Rowland Heights CA. 91748 which is within this judicial district pursuant to 28 U.S.C 1391.

## 3. PARTIES

PLAINTIFF, Anthony D. Natty is and at all times Relevant hereto, was a resident of the State of California, County of Los Angeles. Plaintiff is a retired Federal Employee with a Thrift Saving Plan Account.

## 4. DEFENDANT

2

Insert Title of Pleading

DEFENDANT is the Administrator of the Thrift Saving Plan/ Legal Department,"DOES". Thrift Saving Plan did not give me the name of the fund Administrator therefore plaintiff add, "DOES," to his filing.

## 5.  FIRST CAUSE OF ACTION

DEFENDANT violated complainant 14th Amendment constitutional Rights (42 U.S.C 1983). Stated in Section 1. All person born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of United States and of the States wherein they reside. No States shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the law. Here, Thrift Saving Plan disbursed plaintiff retirement fund before the divorce proceeding was finalized in Family Court. In doing so they deprived plaintiff of Substantive Due Process Rights and unlawfully seized plaintiff fund.

## 6. SECOND CAUSE; GROSS NEGLIGENCE

The Administrator of the Thrift Saving Plan is responsible for the Participants entire retirement accounts and yet they got tricked by someone sending them a denial of a 170.6, recusal motion as a court Order. The denial specifically stated that the case was being continued with that judge therefore could not be the final Order of the Court. **SEE EXH 1 page 16.** Administrator or their legal representative could easily google what's a 170.6 motion in California Family Court and they would have known the case was proceeding to next Court date.

3

Insert Title of Pleading

## 7.  STATEMENT OF FACTS

PLAINTIFF Divorce was Finalized on September 13, 2013. The Final Divorce Judgment states that Plaintiff wife Mia Lollis should receive 50% of Plaintiff TSP account from 2001 to 2010.  **See EXH #1 pages 9-14.**

8 .  PLAINTIFF ex-wife submitted a QDRO to the court and Thrift Saving plan received the order on October 24, 2019.  This order stated that participant ex-wife was to get 50% of his TSP account from 1991 to 2010 which was in violation of divorce Judgment. **See EXH 1 pages 15-23.**

9.  Thrift Saving Plan notified the Plaintiff that there was a Court Order stating that there should be a withdrawal of funds from Plaintiff TSP account that covered the dates of 1991 to 2010. The correct dates should have been 2001-2010. Participant immediately dispute this Order because it was not in compliance with divorce Judgment. **See EXH 1 page 25** letter from TSP, dated December 16, 2019.

10.  PLAINTIFF was never served to go to divorce court on the QDRO. Plaintiff immediately contested the QDRO served to TSP and went to Court to get the Order amended to reflects the correct dates. The Judge told Plaintiff that it did not matter if he was in court, she would have made the same decision because he did not sign the QDRO. Plaintiff filed a 176.6 motion for this judge to recuse herself from the case because this was a violation of his constitutional rights to due process. The judge denied plaintiff motion to recuse herself from this case and kept the case in her courtroom. **See EXH 1 page 24.**

11. Participant notified TSP that a hearing to modify the Order issued on September 19, 2019 was schedule and they sent participant a letter on January 21, 2020 stating this fact and the order will be held in obeyance

Insert Title of Pleading

detailing the resolution of the court order. **See EXH 1 page 26** letter from TSP stating this fact.

12.  PLAINTIFF filed a Post Judgment Motion to set aside the Order issues on September 19, and the cased was to be heard on March 15, 2020 however because of the Covid 19 issues the case was continued until September 24, 2020. **See EXH 1 page 27.**
Plaintiff contacted Thrift saving Plan  and notified them that the case was being continued  to be heard on September 24, 2020 and they sent me a letter dated May 19, 2020 confirming this fact. **See EXH 1 page 28.**

13.  On August 19, 2020, TSP disbursed participant entire retirement fund ($63,049.75) to ex-wife before the proceeding was finalized.  The participant ex-wife and her lawyer communicated the facts that the case was finalized with a story that the 170.6 motion is frivolous and therefore case was over. Funds was released through negligence because it seems as if TSP did not know what a 170.6 motion is. **See EXH 1 page 29.**

14. Participant went to Court on September 24, 2020 and the case was set for trial readiness conference on January 4, 2021. **See EXH 1 page 30.**

15. There was a trial on March 24, 2021 and the decision from trial was issued on April 7, 2021, finalizing the appeal process. **See EXH 1 pages 31-37This Order stated specifically that ex-wife should get $22,840 minus $11,233, which would give ex-wife a total of $11,567 and not the $63,049.75 that was disbursed from plaintiff TSP account.**
I informed the Thrift Saving Plan Administrator and the legal Department that the appeal process was finalize and they must return my funds that was disbursed illegally because severe negligence to my ex-wife in violation of their own policy and my constitutional rights to Due Process

Insert Title of Pleading

within 10 days and I have not heard from them. This letter of intent to sue was sent out on April 25, 2021. **See EXH 1 pages 38-39.**

## 16. REQUESTED RELIEF

### WEREFORE: THE PLAINTIFF REQUEST:

Plaintiff is requesting based on all described in complaint, exhibits and all appropriate, legal standards, that Thrift Plan (DOES) are any persons are subjected to this suit within the meaning of 42 U.S.C 1983. **See Monell v. New York Department of Social Service, 436 US 658, 691 (1978), Carey v. Piphus (1978), which there was a 8-0 decision that say public school official can be held financially liable for violating students procedural due process rights under the 14 amendment** and any other Laws that applies to this Case. Plaintiff is requesting to retrieved funds disbursed illegally, Compensatory damages of $300,000, including general and special damages according to proof.

### 17.DEMAND FOR JURY TRIAL

PLAINTIFF hereby request a Jury Trial on all issues raised in this
Complaint.

Respectfully Submitted,

*Anthony Natty*

Anthony D. Natty

Pro Per

June 23, 2021

6

Insert Title of Pleading

TABLE OF CONTENT

COMPLAINT......................................................1-6

TABLE OF CONTENT...........................................7-8

EXHIBIT 1                           PAGES 9-39

DIVORCE JUDGMENT FROM SEPTEMBER 30,2013..........9-14

FRAUDULENT QDRO SUBMITTED BY PLAINTIFF EX-WIFE..15-23.

MINUTE ORDER AFTER PETTIONER FILE 170.6 MOTION AND JUDGE KEPT CASE IN HER COURTROOM ..........................24.

DECEMBER 16,2019 LETTER FROM TSP ACKNOWLEGING THAT COURT ORDER IS IN DISPUTE.............................................25.

JANUARY 21,2020 LETTER FROM TSP THAT THEY RECEIVER A NOTICE OF HEARING AND THE ACCOUNT WAS FROZEN UNTIL THEY RECEIVED AN AMENDED COURT ORDER DETAILING THE REOSULTION.........................................................26.

ON MARCH 17,2020 THERE WAS AN ORDER ISSUED FOR PARTIES TO BR BACK IN COURT ON MAY 15,2020 BUT COURT CONTINUED THE CASE UNTIL SEPTEMBER 24,2020. THIS ORDER WAS SUBMITTED TO TSP ON APRIL 27,2020.................... 27.

7

MAY 19,2020 COMUNICATION FROM TSP THAT THE FUNDS WILL BE ON HOLD UNTIL A NEW COURT ORDER IF SUBMITTED TO TSP................................................. ......................... 28

TSP DISBURSED $63,049.75 ON AUGUST 19,2020 BEFORE THE CASE WAS FINALIZED.................... .. .......................................................29

MINUTE ORDER FROM SEPTEMBER 24.2020 INSTRUCTING TSP TO AMEND THE PREVIOUS ORDER TO REFLECT THE CORRECT DATES OF 2001-2010 INSTEAD OF 1991-2010......................................... 30.

MINUTE ORDER STATING TRIAL ON THE RELEVANT ISSUE WAS DONE ON MARCH 24,2021 AND THE MADE ITS ORDER ON THE RELEVANT FACTS ON APRIL 7,2021........................................... 31.

JUDGES ORDER ON APRIL 7,2021......................................... 32-37.

LETTER OF INTENT TO SUE SENT TO TSP BY PLAINTIFF ON APRIL 25,2021...................................................................38-39.

8

**FL-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Anthony D. Natty
P.O. Box 90841
City of Industry, CA 91715
TELEPHONE NO.:                         FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: Pomona Courthouse South
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, California 91766
BRANCH NAME: East District

MARRIAGE OR PARTNERSHIP OF
PETITIONER: Anthony D. Natty
RESPONDENT: Mia Lollis

**FILED**
Superior Court of California
County of Los Angeles

**SEP 3 0 2013**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Valerie Salas

JUDGMENT [~~PROPOSED~~]

- [✓] DISSOLUTION
- [ ] LEGAL SEPARATION
- [ ] NULLITY
  - [ ] Status only
  - [ ] Reserving jurisdiction over termination of marital or domestic partnership status
  - [ ] Judgment on reserved issues

Date marital or domestic partnership status ends: 9/30/2013

CASE NUMBER: KD 078702

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders.
   The restraining orders are contained on page(s) ____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: [ ] Default or uncontested [ ] By declaration under Family Code section 2336
   [ ] Contested [ ] Agreement in court
   a. Date: 9/30/13     Dept.: EA-B     Room: 205
   b. Judicial officer *(name):* Susan Lopez-Giss     [ ] Temporary judge
   c. [ ] Petitioner present in court          [ ] Attorney present in court *(name):*
   d. [ ] Respondent present in court          [ ] Attorney present in court *(name):*
   e. [ ] Claimant present in court *(name):*  [ ] Attorney present in court *(name):* **RECEIVED**
   f. [ ] Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):*     5/21/2010
   a. [ ] The respondent was served with process.
   b. [✓] The respondent appeared.

**SEP 06 2013**
**EAST DISTRICT**

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [✓] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [✓] on *(specify date):* 9/30/2013
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. [ ] This judgment will be entered nunc pro tunc as of *(date):*
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to *(specify):*
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. July 1, 2012] | **JUDGMENT**<br>(Family Law) | Family Code, §§ 2024, 2340,<br>2343, 2346<br>www.courts.ca.gov |
|---|---|---|

9

**FL-180**

| CASE NAME *(Last name, first name of each party)*: | CASE NUMBER: |
|---|---|
| Natty v. Lollis | KD 078702 |

4.  i.  ☐  The children of this marriage or domestic partnership are:

(1)  ☐  Name                                               Birthdate

There are no minor children of

this marriage.

(2)  ☐  Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j.  ☐  Child custody and visitation (parenting time) are ordered as set forth in the attached

(1)  ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

(2)  ☐  *Child Custody and Visitation Order Attachment* (form FL-341).

(3)  ☐  *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

(4)  ☐  Previously established in another case. Case number:                    Court:

k.  ☐  Child support is ordered as set forth in the attached

(1)  ☐  Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

(2)  ☐  *Child Support Information and Order Attachment* (form FL-342).

(3)  ☐  *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

(4)  ☐  Previously established in another case. Case number:                    Court:

l.  ☑  Spousal, domestic partner, or family support is ordered:

(1)  ☑  Reserved for future determination as relates to    ☑  petitioner    ☑  respondent

(2)  ☐  Jurisdiction terminated to order spousal or partner support to    ☐  petitioner    ☐  respondent

(3)  ☐  As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

(4)  ☐  As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

(5)  ☐  Other *(specify):*

m.  ☑  Property division is ordered as set forth in the attached

(1)  ☐  Settlement agreement, stipulation for judgment, or other written agreement.

(2)  ☑  *Property Order Attachment to Judgment* (form FL-345).

(3)  ☐  Other *(specify):*

n.  ☐  Attorney fees and costs are ordered as set forth in the attached

(1)  ☐  Settlement agreement, stipulation for judgment, or other written agreement.

(2)  ☐  *Attorney Fees and Costs Order* (form FL-346).

(3)  ☐  Other *(specify):*

o.  ☐  Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: 9/30/13

5.  Number of pages attached: 4

JUDICIAL OFFICER    Susan L. Lopez-Giss

☐  SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. July 1, 2012]

**JUDGMENT**
**(Family Law)**

Page 2 of 2

10

FL-345

| PETITIONER: Anthony D. Natty | CASE NUMBER: |
|---|---|
| RESPONDENT: Mia Lollis | KD 078702 |

## PROPERTY ORDER ATTACHMENT TO JUDGMENT

1. **Division of community property assets**

   a. ☐ There are no community property assets.

   b. ☐ The court finds that the net value of the community estate is less than $5,000 and that the ☐ petitioner ☐ respondent cannot be found. Under Family Code section 2604, the entire community estate is awarded to the ☐ petitioner ☐ respondent.

   c. ☑ The petitioner will receive the following assets: *(Attach additional page if necessary.)*

   See MC-025

   d. ☑ The respondent will receive the following assets: *(Attach additional page if necessary.)*

   See MC-025

   e. The ☐ petitioner ☐ respondent will be responsible for preparing and filing a *Qualified Domestic Relations Order* (QDRO) to divide the following plan or retirement account(s) *(specify):*

   The fee for preparation of the QDRO shall be shared as follows *(specify):*

   f. ☐ Other orders:

   g. ☐ Each spouse will receive the assets listed above as his or her sole and separate property. The parties must execute any and all documents required to carry out this division.

   h. The court reserves jurisdiction to divide any community assets not listed here and enforce the terms of this order.

2. **Division of community property debts**

   a. ☐ There are no community debts.

   b. ☐ All community debts have been paid by the ☐ petitioner ☐ respondent.
   The ☐ petitioner ☐ respondent must reimburse the other party: $
   The payment plan is as follows:

   c. ☑ The petitioner will be responsible for the following debts: *(Attach additional page if necessary.)*

   One half of Capital One and wage garnishment debt for repossessed Mercedes ML 350; Visa Midland debt; $5000 of the Chase credit card debt; $~~1050~~ of Asset Accept credit card debt. 11 00

   d. ☑ The respondent will be responsible for the following debts: *(Attach additional page if necessary.)*

   One half of Capital One and wage garnishment debt for repossessed Mercedes ML 350; Midland Funding; $4,567 of the Chase credit card debt; $~~1100~~ of Asset Accept Credit card debt. 1050

Form Approved for Optional Use
Judicial Council of California
FL-345 [Rev. January 1, 2007]

**PROPERTY ORDER ATTACHMENT TO JUDGMENT**
**(Family Law)**

Family Code, §§ 299, 2500–2660
www.courtinfo.ca.gov

-11

FL-345

| PETITIONER: Anthony D. Natty | CASE NUMBER: |
|---|---|
| RESPONDENT: Mia Lollis | KD 078702 |

e. ☐ Other orders:

f. Each party will be solely responsible for paying the debts assigned to him or her and will hold the other harmless from those debts. The parties understand that the creditors are not bound by this judgment. If a creditor seeks payment from the party who is not listed as responsible for the debt, that party can file a motion to seek reimbursement from the defaulting party.

g. The court reserves jurisdiction to divide any community debts not listed here.

3. ☐ **Equalization of division of property and debt orders.** To equalize the division of the community property assets and debts, the ☐ petitioner ☐ respondent must pay to the other the sum of: $_____ , payable as follows (specify):

4. **Separate property**

a. ☑ The court confirms the following assets or debts as the sole separate property, or sole responsibility, of the petitioner:

   2008 Lexus RX 350, license plate number 6BLL276.

b. ☑ The court confirms the following assets or debts as the sole separate property, or sole responsibility, of the respondent:

   Student loan(s) in respondent's name.

5. ☐ The settlement agreement between the parties dated (date): _____ is attached and made a part of this judgment.

6. ☐ **Sale of property.** The following property will be offered for sale and sold for the fair market value as soon as a willing buyer can be found, and the net proceeds from the sale will be ☐ divided equally ☐ other (specify):

7. ☑ Other orders (specify): The Court reserves jurisdiction over the disposition of the family residence, herein described
The legal description of the house located at house located at 19025 Tranbarger Street, Rowland Heights, CA 91746, is tract number 27607, lot number 12 of map grid 679-C4 and zone 106 of Los Angeles County.
The Petitioner will pay for an appraisal, approved by the lender, for a determination as to the value of the house

FL-345 [Rev. January 1, 2007]    **PROPERTY ORDER ATTACHMENT TO JUDGMENT**    Page 2 of 2
(Family Law)

12

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Natty vs. Lollis | KD078702 |

ATTACHMENT *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Fl- 345, 1.c.

The petitioner will receive the following assets:

~~House located at 19025 Tranbarger Street, Rowland Heights, CA 91746 (See item 7 for legal description)~~

Bedroom Set

Dining Room Set

Hooked Up Refrigerator

Desktop Computer

Hooked Up Stove

Washer and Dryer

Thrift Saving Plan Pension values of 100% 1988- 2001, 50% of 2001- 201D; 100% 2010 and AFteR 4/30/2010

All gifts

Set of sofas

~~Plasma Flat Screen TV (Sony) (also called "Big Screen")~~ 65" Mitsubishi TV

Chase checking and Savings Accounts (ending in 4427)

50% of lawsuit recovery in case # ~~CBH~~ CV-11–10147 (if any) JL

9/30/2013

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

13

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Natty vs. Lollis | KD078702 |

**ATTACHMENT** *(Number):* 2 _____

*(This Attachment may be used with any Judicial Council form.)*

Fl- 345, 1.d.

The respondent will receive the following assets:

Bedroom Set (3)



Dining Room Set (1)

Washer and Dryer (1)

~~1999~~ Toyota Lic. # 4DYS426 (identified as 1998 and 2000)

Set of Sofas (1)

Laptop Computer

Wedding Ring

~~65" Mitsubishi TV~~ Sony TV.

Thrift Savings Pension- 50% of values from 2001- 2010

30" Tube TV

27" Tube TV

Refrigerator (1)

50% of lawsuit recovery (if any) CV-11-10147

9/30/2013

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___1___ of ___1___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

14

**DOUGLAS G. MCCLINTOCK (SBN 91615)**
**LAW OFFICE OF DOUGLAS MCCLINTOCK**
4521 Campus Drive, Suite 287
Irvine, CA 92612
Ph: (949) 276-7847
Fax: (949) 625-7557

**NEUTRAL EXPERT**

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re the Marriage of:<br><br>**ANTHONY D. NATTY**<br><br>                     Petitioner,<br><br>And<br><br><br>**MIA LOLLIS**<br><br>                     Respondent. | ) **Case No.: KD078702**<br>)<br>)<br>)<br>) **COURT ORDER ACCEPTABLE FOR**<br>) **PROCESSING UNDER THE FEDERAL**<br>) **EMPLOYEES RETIREMENT SYSTEM**<br>) **[FERS DEFINED BENEFIT PLAN]**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RECITALS

WHEREAS, the Law Office of Douglas McClintock was retained to act as a third party expert to prepare and file this domestic relations order; and

WHEREAS, this Court has personal jurisdiction over both parties and jurisdiction over the subject matter of this Order; and

WHEREAS, the parties and the Court intend that this Order constitute a Stipulated Court Order for the recognition and processing of the Petitioner's and Respondent's interest under the Federal Employees Retirement System; and

*15*

-1-
STIPULATED RETIREMENT BENEFITS COURT ORDER

Case No.: KD078702

WHEREAS, the parties have stipulated that the Court enter this Order; and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. **Effect of This Order as a Court Order Acceptable for Processing:** This Order creates and recognizes the existence of the Respondent's (Former Spouse's) right to receive a portion of the Employee's benefits payable under the Federal Employees Retirement System (FERS). Such benefits may represent a portion of the Employee Annuity, a Refund of Employee Contributions or may award a Former Spouse Survivor Annuity to the Former Spouse. It is intended to constitute a Court Order Acceptable for Processing (COAP) under final regulations issued by the Office of Personnel Management (OPM).

The Court has considered the requirements and standard terminology provided in Part 838 of Title 5, Code of Federal Regulations. The terminology used in the provisions of this Order that concern benefits under FERS are governed by the standard conventions established in that part.

2. **Employee Information:** The last-known address, Social Security Number, and date of birth of the Employee are:

Name: Anthony Natty

Address: 19025 Tranbarger St., Rowland Heights, CA 91748

Social Security Number: To be provided under separate cover

Date of Birth: To be provided under separate cover

3. **Former Spouse Information:** The last known address, Social Security Number, and date of birth of the Former Spouse are:

Name: Mia Lollis

Address: 382 N. Lemon Ave., Walnut, CA 91789

Social Security Number: To be provided under separate cover

Date of Birth: To be provided under separate cover

The Former Spouse shall have the duty to notify the OPM in writing of any changes in her mailing address subsequent to the entry of this Order.

*16*

**STIPULATED RETIREMENT BENEFITS COURT ORDER**

Case No.: KD078702

4.    **Identification of Retirement System**: The Employee will be eligible for retirement benefits under the FERS, based on employment with the United States Government.

5.    **For Provision of Marital Property Rights**:  This Order relates to the provision of marital property rights to the Former Spouse as a result of an Order of Dissolution of Marriage between Employee and the Former Spouse.

6.    **Pursuant to California Domestic Relations Law**: This Order is made pursuant to the Family Code, California Family Code Sections 2500 et seq. and related court rules, other statutes, and case decisional law, all of which comprise the domestic relations law of the State of California.

7.    **Providing for Payments to the Former Spouse:** The Former Spouse is entitled to a portion of the Employee's Self-Only, unreduced Monthly Annuity under the FERS as set forth below.  The United States Office of Personnel Management (OPM) is hereby directed to pay the Former Spouse's share directly to the Former Spouse.

8.    **Amount of Former Spouse's Benefit**: This Order assigns to Former Spouse an amount equal to **Fifty Percent (50%)** of the Marital Portion of the Employee's Self-Only, unreduced Monthly Annuity determined as of the Employee's date of Retirement. For purposes of calculating the Former Spouse's share of the Employee's benefit, the Marital Portion shall be determined by multiplying the Employee's Self-Only, unreduced Monthly Annuity by a fraction, the numerator of which is the total number of months of Creditable Service (including any unused sick leave) under the FERS earned by the Employee during the marriage from 11/16/1991 through April 30, 2010, and the denominator of which is the total number of months of the Employee's Creditable Service (including any unused sick leave) accrued under FERS. To the extent permitted "Creditable Service" shall include military service credited to the FERS should the Employee opt out of receiving his military retainer pay).

In addition to the above, when cost-of-living adjustments (COLAS) are applied to the Employee's retirement benefits, the same COLA shall apply to the Former Spouse's share.

*/7 -*

-3-
STIPULATED RETIREMENT BENEFITS COURT ORDER

Case No.: KD078702

Notwithstanding anything contained herein to the contrary, the Former Spouse's assigned share of the Employee Annuity, as calculated above, shall be reduced in accordance with the terms set forth in Section 11 regarding the Former Spouse's entitlement to a Former Spouse Survivor Annuity.

9.    **Benefit Commencement Date**: The Former Spouse shall commence her benefits as soon as administratively feasible following the date this Order is approved as a COAP, or on the date the Employee commences his benefits, if later. Payments shall continue to the Former Spouse for the remainder of the Employee's lifetime.  However, in the event that the Former Spouse dies before the Employee, the OPM is directed to pay the Former Spouse's share of the Employee's FERS benefits to her estate.  The Employee agrees to arrange or to execute all forms necessary for the OPM to commence payments to the Former Spouse in accordance with the terms of this Order.

10.    **Refund of Employee Contributions:**  If the Employee leaves federal service before retirement and applies for a refund of employee contributions under FERS, OPM is directed not to pay the Employee a refund of such employee contributions.

11.    **Former Spouse Survivor Annuity:** Pursuant to section 8445 of Title 5, United States Code, the Former Spouse shall be awarded a Former Spouse Survivor Annuity under the Federal Employees Retirement System equal to her prorata share. Further, the costs associated with providing this Former Spouse Survivor Annuity coverage shall be borne by the parties equally. The Employee agrees to take all necessary steps to elect the Former Spouse as the designated beneficiary for purposes of establishing and sustaining such surviving spouse coverage for the Former Spouse.

The Former Spouse Survivor Annuity shall automatically terminate upon the remarriage by the Former Spouse before obtaining 55 years of age. The Former Spouse shall notify the OPM within 15 calendar days of the occurrence of any remarriage before age 55.

12.    **Transfer from CSRS:** In the event that the Employee previously made a one-time irrevocable election to transfer into the FERS from the CSRS, then the Former Spouse's share of the benefits as set forth above shall include any appropriate portion of any benefits

*18*

-4-
**STIPULATED RETIREMENT BENEFITS COURT ORDER**

Case No.:  KD078702

accrued under the CSRS that may have been transferred to the FERS, if any (including the transfer of any service credits earned under the CSRS).

13.    **Savings Clause**: This Order is not intended, and shall not be construed in such a manner as to require the OPM:

(a)    To pay a former spouse a portion of an employee annuity before the employee annuity begins to accrue; or

(b)    To pay a former spouse any amounts in excess of an Employee's net annuity.

14.    **Inadvertent Payment(s) to Employee**: In the event that the OPM inadvertently pays to the Employee any benefits that are assigned to the Former Spouse pursuant to the terms of this Order, the Employee shall immediately return such payments to the OPM within five (5) days of receipt.

15.    **Actions by Employee**:  The Employee shall not take any action that prevents decreases or limits the collection by the Former Spouse of the sums to be paid hereunder and he shall make payment directly to the Former Spouse in an amount sufficient to neutralize, as to the Former Spouse, the effects of the actions taken by the Employee.

16.    **Continued Jurisdiction**: The court shall retain jurisdiction with respect to this Order to the extent required to maintain its status as a COAP and to effectuate the original intent of the parties as stipulated herein. The court shall also retain jurisdiction to enter such further orders that are just, equitable and necessary to enforce, secure and sustain the benefits awarded to the Former Spouse, in the event that the Employee and /or OPM fail to comply with any or all of the provisions contained herein.

17.    **Service of Order**: In order to effectuate the direct payment of benefits to the Former Spouse, certain information must be provided to the OPM. In order to initiate such payments, Former Spouse shall process an application as follows: the following information shall be sent to the **Office of Personnel Management, Retirement and Insurance Group, P.O. Box 17, Washington D.C.  20044-0017**, by certified or registered mail:

(a)    A Certified Copy of the COAP;

*19*

**STIPULATED RETIREMENT BENEFITS COURT ORDER**

Case No.:  KD078702

(b)    A Certification from the Former Spouse or the former spouse's representative that the COAP is currently in force and has not been amended, superseded or set aside;

(c)    Information sufficient for the OPM to identify the employee or retiree, such as her full name, FERS claim number, date of birth, and social security number;

(d)    The current mailing address of the Former Spouse;

(e)    If the employee has not retired or died, the mailing address of the employee, and

(f)    A Statement certifying that the former spouse has not remarried before age 55, that she will notify the OPM within 15 calendar days of the occurrence of any remarriage before age 55; and that she will be personally liable for any overpayment to him resulting from remarriage before age 55.

18.    **Notice of Pending Retirement**: The Employee shall be required to notify the Former Spouse, in writing, within thirty (30) days prior to his actual date of retirement. Such notice shall indicate his intentions to retire and his elected benefit commencement date. The notice shall be sent via regular, first class mail. For this purpose, the Former Spouse shall notify the Employee of any changes in Former Spouse's mailing address.

//

//

//

//

//

//

//

//

//

//

//

//

//

_ 20

-6-
**STIPULATED RETIREMENT BENEFITS COURT ORDER**

Case No.:  KD078702

19.  **Counterparts**: This Order may be executed in multiple identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Order, and a facsimile signature shall have the same effect as an original signature.

**IT IS SO STIPULATED:**

Dated: _____

_____
ANTHONY DESMOND NATTY
Petitioner/Employee

Dated: _____

_____
MIA LOLLIS
Respondent/Alternate Payee

**QDRO EXPERT:**

Law Office of Douglas McClintock

Dated: _____

_____
DOUGLAS G. MCCLINTOCK

**IT IS SO ORDERED:**

Dated: _____

_____
JUDICIAL OFFICER OF THE SUPERIOR COURT

21

-7-
**STIPULATED RETIREMENT BENEFITS COURT ORDER**

Case No.:  KD078702

# ADDENDUM
## For Submission to Plan Administrator ONLY

**EMPLOYEE**

Anthony Natty

SSN: 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

DATE OF BIRTH:  02/06/1968


**FORMER SPOUSE**

Mia Lollis

SSN: 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

DATE OF BIRTH:  04/04/1965

STIPULATED RETIREMENT BENEFITS COURT ORDER

Case No.:  KD078702

19.   **Counterparts:** This Order may be executed in multiple identical counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Order, and a facsimile signature shall have the same effect as an original signature.

**IT IS SO STIPULATED:**

Dated:

                                             ANTHONY DESMOND NATTY
                                             Petitioner/Employee

Dated: 8-17-20

                                             MIA LOLLIS
                                             Respondent/Alternate Payee

**QDRO EXPERT:**

                                             Law Office of Douglas McClintock

Dated:

                                             DOUGLAS G. MCCLINTOCK

**IT IS SO ORDERED:**

Dated:

                                             JUDICIAL OFFICER OF THE SUPERIOR COURT

23

STIPULATED RETIREMENT BENEFITS COURT ORDER

Case No.: KD078702

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Family Division**

Pomona South Dept. - B

KD078702

## ANTHONY NATTY VS. MIA LOLLIS

**March 20, 2020**
**1:30 PM**

Honorable Sarah J. Heidel, Judge

Jessica Lindgren, Judicial Assistant

Not Reported, Court Reporter

**NATURE OF PROCEEDINGS:** Hearing re: Peremptory Challenge

The following parties are present for the aforementioned proceeding:

Anthony Natty, Petitioner

The matter is not called for hearing., Out of the presence of the Court Reporter

A peremptory challenge under Section 170.6 of the Code of Civil Procedure was filed herein on March 20, 2020, by Anthony Natty against the Honorable Sarah J. Heidel, Judge presiding.

The Court finds that it was untimely and is therefore denied. The case remains assigned as presently ordered.

Clerk is to give notice.

## CLERK'S CERTIFICATE OF MAILING/
## NOTICE OF ENTRY OF ORDER

I, Sherri R. Carter, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order of March 20, 2020 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Pomona, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: March 20, 2020

By: /s/ Jessica Lindgren
Jessica Lindgren, Deputy Clerk

Minute Order                                                    Page 1 of 2



# Thrift Savings Plan

Legal Processing Unit
P.O. Box 4390, Fairfax, VA  22038-9998

December 16, 2019

RE:  RETIREMENT BENEFITS COURT ORDER FOR DIVISION OF PETITIONER'S THRIFT SAVINGS PLAN IN ANTHONY D. NATTY AND MIA LOLLIS, CASE NO. KD078702, FILED OCTOBER 21, 2019, RECEIVED OCTOBER 24, 2019.

Dear Sir or Madam:

This is to notify you that the Thrift Savings Plan (TSP) has received a letter of dispute regarding the scheduled court-ordered payment pursuant to the above-referenced court order.  As a result, the TSP will hold the payment until the originally scheduled payment date (January 27, 2020).  If a valid new or amended court order, motion, or restraining order has not been received by the scheduled payment date, the TSP will disburse the payment, which cannot be reversed. To allow time to process the document, it must be received at least five (5) business days prior to the scheduled payment date.

For more information, read the TSP booklet *Court Orders and Powers of Attorney*, which is available on the TSP website (tsp.gov).

If you have any questions, call the TSP Legal Processing Unit (LPU) at 1-800-371-2365. The TSP's hours are Monday through Friday, 9 a.m. to 5 p.m., Eastern time.  Documents pertaining to this case may be faxed at any time to 703-592-0151.  You can also write to LPU at the address shown on the letterhead. Please include your daytime telephone number and the participant's TSP account number (or Social Security number) on all correspondence so that we can identify the account. Callers outside the United States and Canada should call (404) 233-4400; TDD: (877) 847-4385). The Service Office hours are Monday through Friday, 7 a.m. to 9 p.m. Eastern time.





# Thrift Savings Plan

Legal Processing Unit
P.O. Box 4390, Fairfax, VA  22038-9998

January 21, 2020

RE: RETIREMENT BENEFITS COURT ORDER FOR DIVISION OF PETITIONER'S THRIFT SAVINGS PLAN IN ANTHONY D. NATTY AND MIA LOLLIS, CASE NO. KD078702, FILED OCTOBER 21, 2019, RECEIVED OCTOBER 24, 2019.

Dear Sir or Madam:

This letter is to notify you that the Thrift Savings Plan (TSP) has received the Notice of Hearing re: Modification of Order issued on 9/21/2019, filed January 17, 2020, regarding the above-referenced court order. As a result, the scheduled court order payment was placed on hold. Upon notification that the underlying court order has been appealed, the TSP will hold in abeyance the processing of a court-ordered payment until resolution of the appeal. The account will remain frozen for loans and withdrawals and no payment will be made until TSP receives a new or amended court order or other document of the court detailing the resolution of the court order matter.

For more information, read the TSP booklet *Court Orders and Powers of Attorney*, which is available on the TSP website (tsp.gov).

If you have any questions, call the TSP Legal Processing Unit (LPU) at 1-800-371-2365. The TSP's hours are Monday through Friday, 9 a.m. to 5 p.m., Eastern time. Documents pertaining to this case may be faxed at any time to 703-592-0151. You can also write to LPU at the address shown on the letterhead. Please include your daytime telephone number and the participant's TSP account number (or Social Security number) on all correspondence so that we can identify the account. Callers outside the United States and Canada should call (404) 233-4400; TDD: (877) 847-4385). The Service Office hours are Monday through Friday, 7 a.m. to 9 p.m. Eastern time.

26

NOTICE SENT TO:

**Mia Lollis**
382 N Lemon Ave
Walnut CA  91789



*For Court Use Only*

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Pomona Courthouse South
400 Civic Center Plaza
Pomona CA  91766

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| CASE NAME: | CASE NUMBER: |
|---|---|
| ANTHONY NATTY VS. MIA LOLLIS | **KD078702** |
| | **NOTICE TO ATTORNEY RE: CONTINUANCE/ CHANGE OF HEARING** |

**TO THE ABOVE NAMED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Based on the current conditions, including but not limited to, the spread of COVID-19, the need for social distancing, and the state of emergency having been declared by Governor Newsom, and pursuant to the Administrative Order dated March 17, 2020 issued by the Presiding Judge, the court finds good cause to advance and continue the Hearing set for May 15, 2020 to:

**September 24, 2020 at 8:30 a.m., in Department PS B at the Superior Court located at 400 Civic Center Plaza, Pomona, CA 91766**

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and this date I served the **Notice to Attorney's re: Continuance** of Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed/entered document in a separate sealed envelope to each address shown above with the postage thereon fully prepaid, in accordance with standard court practices.

Dated:   4/27/2020

SHERRI R. CARTER, Executive Officer/Clerk of Court

by <u>Deanne Lee Kistler</u> Deputy Clerk

LASC FAM 127 Rev. 10/18

NOTICE ATTORNEY RE:
CONTINUANCE/CHANGE OF HEARING

Page 1 of 1

For Optional Use

-27-



# Thrift Savings Plan

Legal Processing Unit
P.O. Box 4390, Fairfax, VA  22038-9998

May 19, 2020

RE: RETIREMENT BENEFITS COURT ORDER FOR DIVISION OF PETITIONER'S THRIFT SAVINGS PLAN IN ANTHONY D. NATTY AND MIA LOLLIS, CASE NO. KD078702, FILED OCTOBER 21, 2019, RECEIVED OCTOBER 24, 2019.

Dear Sir or Madam:

The Thrift Savings Plan (TSP) received the Notice of Hearing re: Modification of Order issued on 9/21/2019, filed January 17, 2020, regarding the above-referenced court order.  As a result, the scheduled court order payment was placed on hold pending resolution of the appeal.

Please advise the TSP of the status of this appeal.  If the court has reached a final determination, please <u>forward the judge signed court document(s)</u> to TSP for review.  The account will remain frozen for loans and withdrawals and no payment will be made until TSP receives a new or amended court order or other document of the court detailing the resolution of the court order matter.

For more information, read the TSP booklet *Court Orders and Powers of Attorney*, which is available on the TSP website (tsp.gov).

If you have any questions, call the TSP Legal Processing Unit (LPU) at 1-800-371-2365. The TSP's hours are Monday through Friday, 9 a.m. to 5 p.m., Eastern time.  Documents pertaining to this case may be faxed at any time to 703-592-0151.  You can also write to LPU at the address shown on the letterhead. Please include your daytime telephone number and the participant's TSP account number (or Social Security number) on all correspondence so that we can identify the account. Callers outside the United States and Canada should call (404) 233-4400; TDD: (877) 847-4385). The Service Office hours are Monday through Friday, 7 a.m. to 9 p.m. Eastern time.

*28*



# Thrift Savings Plan
## P.O. Box 385021
## Birmingham, AL  35238

ANTHONY NATTY
PO BOX 90841
CITY OF INDUSTRY, CA  91715-0841

08/19/2020

Dear Participant:

This is to notify you that a court-ordered payment was processed from your Thrift Savings Plan (TSP) account. The following information pertains to that payment:

| | |
|---|---|
| **Payee Name:** | MIA LOLLIS |
| **Payment Date:** | 08/19/2020 |
| **Total Amount of Court-Ordered Payment:** | $63,049.75 |
| **From Traditional Balance:** | $63,049.75 |
| **Account Balance after Court-Ordered Payment:** | $0.00 |

If you have questions, call the toll-free ThriftLine at 1-877-968-3778. Callers outside the United States and Canada should call 404-233-4400 (not a toll-free number). The TSP's hours are Monday through Friday, 7 a.m. to 9 p.m., Eastern time. You can also use our Secure Message Center on the TSP website by logging into your TSP account and clicking "Message Center." You should receive a response within two business days. You can always write to the TSP at the address shown on the letterhead. Please include your daytime telephone number and TSP account number (or your Social Security number) on all correspondence so that we can identify your account. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
### Pomona South Dept. - B

KD078702

## ANTHONY NATTY VS. MIA LOLLIS

**September 24, 2020**
**8:30 AM**

Honorable Sarah J. Heidel, Judge

Deanne Lee Kistler, Judicial Assistant

Chani Ludwig (#13017), Court Reporter

---

**NATURE OF PROCEEDINGS:** RFO/MTN - Family Law filed by Petitioner on March 9, 2020

The following parties are present for the aforementioned proceeding:

Mia Lollis, Respondent
Anthony Natty, Petitioner

The matter is called for hearing.

The QDRO is to be amended to reflect that the Respondent is to receive 50 % value of the Thrift Savings Account from 2001-2010 as reflected in the Judgment.

The court orders that $35,747.00 is to be held in a trust account by the Thrift Savings Account until the parties resolve the issue of the community debt.

The Petitioner provides the Respondent with a copy of the Request for Order RE: Motion to Set Aside Order Dated 9/12/2019 filed on 3-9-2020 this date in open court.

The Court sets the case for Trial Readiness Conference on January 4, 2021 at 1:30 PM in Department B.

Orders are made pursuant to the Order of Court Setting Trial and/or Mandatory Settlement Conference signed by the Court and filed this date.

Notice is waived.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Family Division
## Pomona South Dept. - B

KD078702
**ANTHONY NATTY VS. MIA LOLLIS**

**April 7, 2021**
**2:00 PM**

Honorable Gregory J Weingart, Judge

Deanne Lee Kistler, Judicial Assistant                    Audrey Molinar (#12462), Court Reporter

---

**NATURE OF PROCEEDINGS:**          Ruling on Submitted Matter

                                    Notice of Court Order

The following parties are present for the aforementioned proceeding:

        No Appearances

Out of the presence of the Court Reporter

The Court having taken the matter under submission on March 24, 2021, hereby rules as follows:

The court makes its order pursuant to the Findings and Order After Hearing signed and filed this date.

The Court sets the case for Non-Appearance Case Review on June 7, 2021 at 9:30 AM in Department B for the parties to retrieve their exhibits.

Clerk is to give notice.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, Sherri R. Carter, Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Entry of the above minute order of April 7, 2021 and Findings and Order After Hearing upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States Mail at the courthouse in Pomona, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: April 7, 2021                    By:    /s/ Deanne Lee Kistler
                                               Deanne Lee Kistler, Deputy Clerk

---

**FL-340**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ANTHONY NATTY
P.O. BOX 90841
City of Industry CA. 91715

TELEPHONE NO.: 626-348-7265    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**APR 07 2021**

Sherri R. Carter, Executive Officer/Clerk of Court

By: D. Kistler, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME:

PETITIONER/PLAINTIFF: Anthony Natty
RESPONDENT/DEFENDANT: Mia Lollis
OTHER PARTY:

| FINDINGS AND ORDER AFTER HEARING | CASE NUMBER: KD078702 |
|---|---|

1. This proceeding was heard
   on (date): March 24, 2021    at (time): 1:30 PM    in Dept.: B    Room:
   by Judge (name): Gregory J. Weingart    ☐ Temporary Judge
   On the order to show cause, notice of motion or request for order filed (date): 3/9/2020   by (name): Petitioner
   10/21/2020   Respondent
   a. ☒ Petitioner/plaintiff present    ☐ Attorney present (name):
   b. ☒ Respondent/defendant present    ☐ Attorney present (name):
   c. ☐ Other party present    ☐ Attorney present (name):

**THE COURT ORDERS**

2. Custody and visitation/parenting time:   As attached   ☐ on form FL-341   ☐ Other   ☐ Not applicable
3. Child support:   As attached   ☐ on form FL-342   ☐ Other   ☐ Not applicable
4. Spousal or family support:   As attached   ☐ on form FL-343   ☐ Other   ☐ Not applicable
5. Property orders:   As attached   ☐ on form FL-344   ☐ Other   ☐ Not applicable
6. Attorney's fees:   As attached   ☐ on form FL-346   ☐ Other   ☐ Not applicable
7. Other orders:   ☒ As attached   ☐ Not applicable
8. All other issues are reserved until further order of court.
9. ☐ This matter is continued for further hearing on (date):    at (time):    in Dept.:
   on the following issues:

Date: **APR 07 2021**

▶ _____
JUDICIAL OFFICER
GREGORY J. WEINGART

Approved as conforming to court order.

▶ Anthony Natty

SIGNATURE OF ATTORNEY FOR ☒ PETITIONER / PLAINTIFF ☐ RESPONDENT/DEFENDANT ☐ OTHER PARTY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. January 1, 2012]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

32

## **Natty v. Lollis**, KD078702

This matter came on for trial on March 24, 2021. Having considered the evidence and argument presented, the court rules as follows:

## Thrift Savings Plan (TSP) / Federal Employees Retirement (FERS)

Petitioner began work at the Postal Service in 1988. The parties were married in 1991 and separated in 2010. With regard to Petitioner's TSP retirement asset, the judgment's property equalization provisions state that Respondent was to receive 50% of the TSP from 2001 to 2010, rather than 50% of the TSP from the entire length of the marriage.

It appears from the evidence adduced during the hearing, however, that Respondent was paid under an erroneous Qualified Domestic Relations Order (QDRO) for the TSP with the date range 1991-2001. Petitioner's Ex. 3, which the unrebutted testimony indicated was the QDRO presented to the TSP, does not conform to the judgment. Instead, it provides Respondent is to receive 50% of the assets in the TSP as of April 30, 2010 without excluding the time period 1991-2000. Petitioner's Ex. 10 includes a letter from the TSP dated November 25, 2019 that indicates the amount payable was calculated as ½ the total balance as of April 30, 2010 – in other words, a payment in accord with the erroneous QDRO (Ex. 3), and representing the balance from inception until 2010 rather than 2001-2010.

On September 24, 2020, the court ruled that the QDRO related to the TSP was to be amended to reflect Respondent was to receive 50% of the TSP's value from 2001-2010 as reflected in the judgment. Respondent's Ex. B shows that she was paid by the TSP on August 19, 2020 – in other words, before the court ruled that the QDRO was be amended to reflect that the date range was 2001-2010 and not 1991-2010.

The QDRO provides that Respondent was to return any amount inadvertently paid to her. There was no evidence that Respondent has returned the overpayment to the TSP for Petitioner's benefit following that court order, or that she returned any overpayment to Petitioner directly.

Petitioner's Ex. 1 calculates the amount actually owed from the TSP account to Respondent from 2001-2010 as $22,800 – one half of $45,600. This calculation was unrebutted by Respondent. Accordingly, Respondent



owes Petitioner $40,249.75 for the amount she was overpaid by the TSP based on the erroneous QDRO. Petitioner's argument that he is entitled to repayment of the entire amount, without accounting for Respondent's interest per the judgment, is denied. Respondent remains entitled to her 50% of the TSP from 2001-2010, and as discussed below the vast majority of offsetting debts alleged by Petitioner do not require her to repay additional sums in this dissolution case.

With regard to Respondent's RFO to have the court execute the QDRO for Petitioner's FERS plan, that request is denied without prejudice. The FERS asset was not covered by the judgment, which referenced only the TSP. Moreover, Petitioner's Ex. 6, which includes his community property declaration, contains no reference to the FERS account. As an omitted asset, Respondent is entitled to ½ of the amount in the FERS plan accumulated from 1991-2010 – in other words, during the length of the marriage.

However, as Respondent was overpaid on her share of the TSP, and as set forth below also owes money to Respondent related to the Mercedes, the court will not approve the QDRO of the FERS plan until the monetary value of Respondent's share of the FERS plan is determined. Any amounts owed to Respondent under the FERS plan are to be used first to offset any remaining overpayment Respondent received from the TSP not yet returned to the TSP on behalf of Petitioner, or Petitioner directly, as well as to offset her share of the Mercedes debt. If there are any remaining amounts owed to Respondent from her interest in the FERS plan after those payments are made, she may re-submit a QDRO reflecting the remaining amount owed to her.

Storage Unit

The 2013 judgment reserved jurisdiction over the issue of spousal support. On June 17, 2015, Petitioner was ordered to pay $400 a month in spousal support retroactive to January 2015. Effective September 1, 2015, the amount decreased to $150 a month. The order further provided that Respondent was to pick up her items from the Rowland Heights house, and if she failed to do so Petitioner "shall put them in a storage unit" and "Petitioner can deduct the cost of the storage from the spousal support payment."

Petitioner testified that he incurred storage unit expenses, but chose not to deduct them from the ordered support. Having made the election not to deduct those costs, Petitioner cannot now independently seek reimbursement for them. The request for payment of storage related costs is denied.

Respondent is to pick up any items in storage within 30 days of today's date, and Petitioner is to cooperate in making the storage unit available for Respondent to retrieve any of Respondent's belongings. If Respondent declines to pick up her items, Petitioner need not continue paying for the storage unit nor continue to store Respondent's items.

## Repossession of Mercedes

The judgment provides that Respondent is liable for one half the debt for the repossessed Mercedes ML 350. Respondent provided evidence that the amount of the debt was $22,466 as of June 2011, and that a judgment exists holding him personally liable for the full amount. Respondent submitted no evidence she had paid any of that debt. She instead appeared to take the position that because a relative offered to pay the debt at some point prior to the car being repossessed, she was not required to comply with the judgment's terms. Respondent is to pay Petitioner $11,233.10 which is her ½ of the debt related to the Mercedes as set forth in the judgment.

## Capital One

The judgment provides that Respondent is responsible for one half of the Capital One debt. She remains liable to the extent that debt has not been paid. That liability, however, is to pay Capital One and not Petitioner. There is no credible evidence before the court that Petitioner paid Respondent's portion of this debt, and therefore he is not entitled to payment from Respondent for this debt. Instead, Respondent is obligated to pay that debt to Chase directly.

## Chase

The judgment provides that Respondent is responsible for $4,567 of the Chase credit card debt. She remains liable to the extent that debt has not been paid. That liability, however, is owed to Chase and not Petitioner. There is no credible evidence before the court that Petitioner paid

-35

Respondent's portion of this debt, and therefore he is not entitled to payment from Respondent for this debt. Instead, Respondent is obligated to pay that debt to Chase directly.

## Funeral Expenses

The funeral expenses were incurred well after the judgment of dissolution was granted and the parties were divorced. Accordingly, this court lacks jurisdiction to address the claim for reimbursement of these expenses as part of a marital dissolution action as they were not expenses incurred before or during the marriage, nor included within the judgment. To the extent Petitioner has any cause of action against Respondent for the alleged amounts, those claims are not within the jurisdiction of this family law proceeding.

## Rent payments

Petitioner seeks payments he asserts were made in 2019 for rent owed by Respondent. These payments were made well after the judgment of dissolution was granted and the parties were divorced. Accordingly, this court lacks jurisdiction to address the claim for reimbursement of these expenses as part of a marital dissolution action as they were not expenses incurred before or during the marriage, nor included within the judgment. To the extent Petitioner has any cause of action against Respondent for the alleged amounts, those claims are not within the jurisdiction of this family law proceeding.

## VA medical

Petitioner claims Respondent improperly used his VA medical coverage post-judgment, and incurred costs he was forced to pay. Even assuming this is true, these actions (1) occurred post judgment, and thus post-divorce, and (2) do not relate to a term of the judgment. To the extent Petitioner has any cause of action against Respondent for the alleged amounts, those claims are not within the jurisdiction of this family law proceeding.

## Blue Cross medical

Petitioner claims Respondent improperly used his Blue Cross medical coverage post-judgment, and incurred costs he was forced to pay. Even

36

assuming this is true, these actions (1) occurred post judgment, and thus post-divorce, and (2) do not relate to a term of the judgment. To the extent Petitioner has any cause of action against Respondent for the alleged amounts, those claims are not within the jurisdiction of this family law proceeding.

<u>Marital residence related claims</u>

Petitioner claims he is owed $78,240 related to the marital residence. The 2013 judgment reserved jurisdiction over the marital residence. At the September 4, 2014 hearing in this matter, in discussing division of community interest in the residence, the court noted that Petitioner had a claim for funds related to the residence. Petitioner indicated that he was willing to make a payment to Respondent so that he could keep the house. In reliance on that position, the court ordered the marital residence confirmed to Petitioner provided Petitioner paid Respondent $10,000. Petitioner responded "Okay, Your Honor. Done."

Accordingly, the Court already took into account any house related payments moneys owed by Respondent to Petitioner when it awarded Petitioner the residence along with an equalization payment to Respondent. This was the order Petitioner requested, and he cannot now complain that he should have received something additional. The request for payments related to the Rowland Heights home is denied.

Anthony D Natty

PO Box 90841

City of industry CA, 91715

Nattydesmond@yahoo.com

(626) 348-7265

April 25, 2021


RE: Notice of Intent to File Lawsuit

Account # 6401132425988

To Thrift Saving Plan Fund Administrator/ Legal Dept,


This Letter of intent to sue shall serve as a formal notice that Anthony D. Natty intends to file a lawsuit against you due to the following:

The administrator violated participant 14th Amendment Constitutional Rights to Due process when my retirement funds were disbursed before the case was finalized during the Appeal process. The fund Administrators are more culpable in this situation because they there to protect the participants and not only did you guys not protect me but you disbursed my funds in direct contradiction of the May 19, 2020 letter from you.

Thrift Saving Plan unauthorized disbursing of 100 % of the funds in participant TSP account, when the issue was in dispute and the court did not finalized participant appeal of its order. Participants dispute the QDRO that was submitted to Thrift Saving Plant that stated that the participant funds should be calculated by 50% to his wife from 1991 to 2010. That was not correct and the funds should be 50% from 2001 to 2010. The case was being process through the court system. The participant informed TSP that the case was continued from the date of March 15, 2020 to September 24, 2020. On May 19, 2020 TSP informed the participant that the scheduled court order was being placed on hold until pending resolution of the appeal. TSP had received the next court date of September 24, 2020.



On August 19, 2020, TSP released 100% of participant funds ($63,049.75) to plaintiff ex -spouse. TSP claimed that the case was finalized because they had received a court order from ex-spouse and her lawyer that the 170.6 motion was denied and therefore case was over. A 170.6 motion is a request for a judge to recuse themselves from a case and not a court order. The 170.6 denial specifically stated that petitioner was late to file the motion and the case will remain with that judge. If the case remain with that judge, how can the appeal be over? Participant funds were released in error by TSP.

As a result of your actions, Plaintiff seeks relief in the form of payment of his $63, 049.75 to include funds that he would have earned in C fund from the dates of disbursement to now.

This offer to cure and/or settle this matter outside the court and will avoid a lawsuit in Federal Court. The defendant will be responsible for all legal cost to include pituitary and compensatory damages if this is not finalized. This will be valid for 10 days from the effective date. If not cured, TSP will be responsible for legal fees incurred so for and in the future. TSP will also be sued for compensatory and Pituitary Damages.

This Letter of intent shall be governed under all Federal Laws of the District Court in the Central District of California.

Sincerely,

Anthony D. Natty